UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TARA TOCTION, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      vs. | ) CAUSE NO. 1:14-cv-689-WTL-DKL |
| | ) |
| EAGLE ACCOUNTS GROUP, INC. | ) |
| | ) |
|    Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on Defendant Eagle Accounts Group, Inc.'s ("Eagle Accounts") motion for judgment on the pleadings (dkt. no. 11). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I.    STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). The Court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id*. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta*, 499 F.3d at 633 (citation omitted).

## II. BACKGROUND

Plaintiff Tara Toction received a service from Northside Anesthesia Services on December 27, 2012. Ms. Toction, however, never paid her bill for that service, and the debt went into default. On October 3, 2013, Ms. Toction received a dunning letter from Eagle Accounts on behalf of Northside Anesthesia Services. The "current balance due" was $69.96 and the "Interest Due" was .00. Dkt. No. 1-3. The letter also contained the following language: "Because you may be charged interest, your account balance may be greater than the amount listed. When we receive your payment, we will inform you of any balance that may still be due." *Id*.

Thereafter, on January 20, 2014, Ms. Toction received a second dunning letter from Eagle Accounts. The "BALANCE" and "Total Due" was still $69.96, and the "Interest Due" was .00. Dkt. No. 1-4. Thus, no interest accrued on her debt. The letter also contained the following language: "Because of interest that may vary from day to day, the amount due on the day you pay may be greater than the amount listed above. If that is the case, when we receive your payment, we will inform you of any adjustments prior to processing your payment." *Id*.

Ms. Toction filed suit in this Court on May 5, 2014, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*. Specifically, she alleges that Eagle Accounts violated 15 U.S.C. §§ 1692d-f "by misrepresenting that interest would continue to accrue when in fact no interest had ever accrued." Dkt. No. 1 at 4.[1]

---

[1] Eagle Accounts correctly notes that, in fact, the letters did not state that interest "would" accrue; rather, they state interest "may" accrue.

## III.     DISCUSSION

Eagle Accounts' motion is premised on its belief that Ms. Toction's claims are foreclosed by *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572 (7th Cir. 2004), which was consolidated with *Schletz v. Acad. Collection Serv., Inc.*, a case involving facts very similar to the present matter. In the *Schletz* case, Academy Collection Service ("ACS") was hired to collect credit card debt owed by the three plaintiffs. ACS sent each plaintiff a letter which included the following statement: "[I]f applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor." *Id.* at 574. The credit card company, however, continued accruing interest against only one of the plaintiffs. "In the case of the other two plaintiffs, the creditors closed their accounts and upon doing so stopped adding interest, though presumably they could have continued doing so until the debts were paid." *Id.*

Like Ms. Toction, the plaintiffs in *Scheltz* argued that, with regard to the two plaintiffs who were not charged interest, the interest statement was false and in violation of § 1692e. The Seventh Circuit quickly disposed of this claim, noting as follows: "The plaintiffs have an alternative claim that is downright frivolous—that the statement we quoted from the dunning letter is false, and so violated 15 U.S.C. § 1692e, because two of the creditors did not add interest. The letter didn't say they would, only that they might." *Id.*

Similarly, in *Taylor*, the plaintiff's "main claim [was] that the [] statement that 'your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with your creditor' [was] confusing." *Id*. at 575. Again, the Seventh Circuit disagreed, noting that the statement was "no more confusing than the statement in the *Schletz* letter. It is the clear statement of a truism." *Id*.

Based on *Taylor*, therefore, Eagle Accounts argues that because its "October 3, 2013, and January 20, 2014, letters to Plaintiff did not state that interest was going to be added to Plaintiff's account, only that if interest was applicable, the amount owed might be greater than the amount listed, Plaintiff's 1692e claim must fail." Dkt. No. 12 at 6. This argument is persuasive.[2] In fact, in *Davis v. United Recovery Sys., LP*, No. 1:14-cv-657-WTL-DML, 2014 WL 5530142 (S.D. Ind. Nov. 3, 2014), this Court recently relied on *Taylor* in addressing a very similar situation. In *Davis*, the dunning letter "contained the following statement: 'Because your account may accrue interest, late charges and other charges that may vary from day to day, the amount due on the date you pay may be greater. If you pay the amount above an adjustment may be necessary after we receive your check.'" *Id*. at *1. The plaintiff in *Davis* argued that because the dunning letter stated that interest may accrue—when in fact interest was not accruing—the defendant made a false statement in violation of the FDCPA. This Court granted the defendant's motion for judgment on the pleadings based on *Taylor*:

> *Taylor* is clearly analogous to the present case. Here, Capital One apparently closed Davis' account, and (apparently unbeknownst to Davis) her account stopped accruing interest. However, Capital One "presumably . . . could have continued [adding interest] until the debt[] was paid." [*Taylor*, 365 F.3d at 575]. Thus, it was not false for URS to notify Davis that her debt *might* accrue interest. This is exactly the situation addressed in *Taylor*.

*Id*. at *2.

The only difference—and the difference that matters in this case—is that the underlying debt in both *Taylor* and *Davis* was credit card debt. As Ms. Toction notes, "[e]ven the unsophisticated consumer is aware that when she is late making a credit card payment, [] interest

---

[2] Ms. Toction's arguments as to why *Taylor* is inapplicable to this case are unconvincing. Moreover, the Court disagrees with Ms. Toction that *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944 (7th Cir. 2004), is a more apt comparator; the dunning letter language in *Chuway* is vastly different from the language used in Eagle Accounts' letters and in *Taylor*.

is charged, usually at a high rate." Dkt. No. 18 at 1. Here, however, the debt is a medical debt, and at the present stage in the litigation, the Court is unaware of whether the agreement between Northside Anesthesia Services and Ms. Toction provided that interest would be charged if a payment was late. The Seventh Circuit has noted this distinction:

> In *Taylor,* the dunning letter at issue stated that "*if applicable,* your account may have or will accrue interest at a rate *specified in your contractual agreement with the original creditor.*" *Id.* at 574 (both emphases added). The only reasonable interpretation of this statement, even for an unsophisticated consumer, is that interest might accrue *if* the debtor's original debt agreement provided for such interest.

*Lox v. CDA, Ltd.*, 689 F.3d 818, 824 (7th Cir. 2012). In other words, the contested statements in the dunning letters are only "clear statement[s] of a truism," *Taylor*, 365 F.3d at 575, if Northside Anesthesia Services could actually charge interest on Ms. Toction's account. *See Lox*, 689 F.3d at 824 ("The statement at issue is the following: 'Our client may take legal steps against you and if the courts award judgement [sic], the court could allow court costs and attorney fees.' The clear meaning of this statement is that if CDA decided to bring legal action against Lox and was victorious, the award of attorney fees to CDA was one possible outcome. CDA admits (through waiver) that the award of attorney fees was not a possible outcome; thus, the statement is false."). The Court does not suggest that Northside Anesthesia Services could not collect interest; it only notes that it is currently unaware if the agreement provided as such.[3] Accordingly, judgment on the pleadings is not warranted on this basis.

---

[3] *Taylor*, *Lox*, and *Davis* all involved alleged violations of § 1692e; however, Ms. Toction also alleges that Eagle Accounts' letters—in stating that interest would accrue when it did not—violated §§ 1692d and f, which prohibit a debt collector from engaging in harassing conduct or using unfair or unconscionable means to collect a debt. While Eagle Accounts also moves for judgment on the pleadings with respect to these claims, without knowing whether Northside Anesthesia Services could charge interest on her account, the Court cannot find that Ms. Toction claims for harassment and/or unconscionable means under §§ 1692d and f of the FDCPA fail.

5

## IV. CONCLUSION

Eagle Accounts' motion for judgment on the pleadings (dkt. no. 11) is

**DENIED**. SO ORDERED: 1/08/15

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification